Aaron Craig (SBN 204741)
**acraig@foxrothschild.com**
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067
Tel: 310.598.4150 / Fax: 310.556.9828

Attorneys for Plaintiff
FRONTRANGE SOLUTIONS USA INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FRONTRANGE SOLUTIONS USA
INC., a Colorado corporation

        Plaintiff,

    vs.

AVIDIAN TECHNOLOGIES INC., a
Washington corporation, and Does 1-
20, inclusive;

        Defendants.

Case No. 12 6340

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR:**

**1. VIOLATION OF LANHAM ACT
(15 U.S.C. §1114)—TRADEMARK
INFRINGEMENT
2. VIOLATION OF LANHAM ACT
(15 U.S.C. §1125(a))—UNFAIR
COMPETITION, FALSE
ADVERTISING AND FALSE
DESIGNATION OF ORIGIN
3. VIOLATION OF LANHAM ACT
(15 U.S.C. §1125(c))—TRADEMARK
DILUTION
4. UNLAWFUL BUSINESS
PRACTICES IN VIOLATION OF
*CAL BUS. & PROF. CODE 17200* ET
SEQ.
5. INTENTIONAL INTERFERENCE
WITH PROSPECTIVE ECONOMIC
ADVANTAGE**



x Rothschild LLP
100 Century Park East
site 300
s Angeles, CA 90067
0.598.4150

LA1 263941v1 12/12/12 A

1
**COMPLAINT**

1     Plaintiff FrontRange Solutions USA Inc., for its Complaint against Defendant

2 Avidian Technologies Inc., alleges as follows:

3 <center>**NATURE OF ACTION**</center>

4     1.     This lawsuit for federal trademark infringement, false designation of

5 origin, unfair competition and trademark dilution under the Lanham Act, and for

6 unlawful business practices and other violations of California law, is based on

7 Defendant's willful infringement and dilution of Plaintiff's GoldMine trademark for

8 its award-winning Customer Relationship Management ("CRM") software and

9 database. Plaintiff's claims are based upon Defendant's unlawful use of the

10 GoldMine trademark on Defendant's own website, www.avidian.com, in an effort to

11 bait-and-switch customers shopping for CRM software to purchase Defendant's

12 CRM product, "Prophet." Avidian's website includes several pages devoted to

13 glowing descriptions of GoldMine, but whose "BUY NOW" and "TRY IT FREE"

14 buttons direct Goldmine's potential customers to new screens for purchasing or

15 downloading Avidian's competing Prophet CRM software.

16 <center>**JURISDICTION AND VENUE**</center>

17     2.     This Court has original subject matter jurisdiction over Plaintiff's

18 Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

19 This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)

20 because Plaintiff is of different citizenship from Defendant, and the amount in

21 controversy exceeds $75,000 exclusive of costs and interest. This Court also has

22 supplemental jurisdiction over Plaintiff's non-Lanham Act claims, pursuant to 28

23 U.S.C. § 1367, because these claims are so related to Plaintiff's claims under federal

24 law that they form part of the same case or controversy and derive from a common

25 nucleus of operative fact.

26     3.     This Court has personal jurisdiction over Defendant because it has

27 conducted business in the State of California and within the Northern District of

28 California.

1    4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400,
2 because the acts complained of herein have been committed and are being committed
3 in this Judicial District, Defendant is subject to personal jurisdiction within this
4 Judicial District, and Plaintiff has its principal place of business within this Judicial
5 District.

6                          **INTRADISTRICT ASSIGNMENT**

7    5.    Pursuant to Local Rule 3-5(b) and 3-2(c), this case is an Intellectual
8 Property Action that is to be assigned on a district-wide basis.

9                               **THE PARTIES**

10    6    Plaintiff FrontRange Solutions USA Inc. is a corporation organized and
11 existing under the laws of the State of Colorado, having its principal place of business
12 at 5675 Gibraltar Drive South, Pleasanton, CA, 94588.

13    7.    On information and belief, Defendant Avidian Technologies Inc. is a
14 corporation organized and existing under the laws of the State of Washington, having
15 its principal place of business at 2053 152d Ave. NE., Redmond, WA 98052.

16    8.    Plaintiff is ignorant of the true names and capacities of the defendants
17 sued herein as DOES 1 through 20, inclusive, and therefore sues those defendants by
18 such fictitious names. Plaintiff will amend this Complaint to allege the true names
19 and capacities of these defendants when they have been ascertained. Plaintiff alleges
20 that each of these fictitiously named defendants is responsible in some manner for the
21 acts and/or omissions alleged in this Complaint, and that Plaintiff's damages were
22 proximately caused by the actions or omissions of these defendants.

23                    **ALLEGATIONS COMMON TO ALL CLAIMS**

24    9.    Plaintiff is the owner and registrant of the federally registered trademark
25 "GOLDMINE" in international class 009, US Serial No. 74599524 ("Plaintiff's
26 Mark"). Plaintiff uses Plaintiff's Mark to identify and designate the origin of its
27 award-winning GoldMine CRM software. Plaintiff's Mark is a famous mark for
28 computer software.

3
**COMPLAINT**
LA1 263941v1 12/12/12 A

10.   Plaintiff distributes its GoldMine software only through selected authorized resellers with which Plaintiff has entered into contractual relationships regarding the distribution of GoldMine.  Plaintiff carefully monitors its resellers' activities to ensure the quality and consistency of GoldMine CRM software, and to prevent GoldMine from ever being sold through grey market channels.  All licensees of GoldMine are subject to licensing restrictions to that same end.  For the avoidance of doubt, Defendant is not and has never been one of Plaintiff's authorized resellers of GoldMine software.

11.   On information and belief, Defendant manufactures and distributes Prophet CRM software, including by and through selling it in interstate commerce and in this judicial district over its website, www.avidian.com ("Defendant's Website").

12.   Defendant's Website infringes, dilutes and misuses Plaintiff's Mark on at least the following pages, in the manner described below:

- http://www.avidian.com/Goldmine-Software/gldmn-sftwr.aspx
- http://www.avidian.com/Goldmine-Software/goldmine-database.aspx
- http://www.avidian.com/Act-Software/goldmine-act.aspx
- http://www.avidian.com/Goldmine-software/buy-goldmine.aspx
- http://www.avidian.com/Goldmine-software/gold-mine.aspx
- http://www.avidian.com/Goldmine-software/goldmine.aspx
- http://www.avidian.com/Goldmine-software/goldmine-contact-manager.aspx
- http://www.avidian.com/Goldmine-software/gold-mine-software.aspx
- http://www.avidian.com/Goldmine-software/goldmine-software.aspx
- http://www.avidian.com/act-software/act-vs-goldmine.aspx

13.   Despite the fact that Defendant is not an authorized reseller of GoldMine, Defendant has intentionally designed its website and its content to try to trick customers attempting to buy GoldMine into purchasing its own Prophet CRM software.  For example, one page on Defendant's Website has the headline: "Growing

ox Rothschild LLP
i00 Century Park East
iite 300
is Angeles, CA 90067
0.598.4150

LA1 263941v1 12/12/12 A

4
COMPLAINT

1  Your Business with a Goldmine Database," and describes over the course of nine
2  glowing paragraphs the various ways in which the "Goldmine database does a great
3  job." The page mentions "Goldmine" or "Gold Mine" dozens of times in an
4  unfailingly positive light, and makes no mention of Prophet in the text. Yet when the
5  unsuspecting customer clicks on the "BUY NOW" button on this page, he is taken to
6  a page where Prophet, and not GoldMine, can be purchased.

7       14.    Defendant's website also includes pages that have links that read: "Buy
8  Goldmine." However, when a user clicks on these links, he is not taken to a page
9  where GoldMine can be purchased, but instead to a different page that attempts to
10  persuade the customer to purchase Prophet instead of GoldMine.

11       15.    Defendant has intentionally written its Website to suggest in certain
12  places that Defendant's Prophet CRM software is associated with Plaintiff's superior
13  GoldMine software in a deliberate attempt to capitalize on the goodwill associated
14  with Plaintiff's Mark. For example, certain pages contain a graphic with a "headline"
15  that states: "Get an Easier Goldmine Software," The "VIEW DEMO" button on this
16  graphic takes the potential customer to a demonstration of Prophet, not of GoldMine.
17  Similarly, the "GET FREE TRIAL" button on this same graphic asks the customer to
18  type in his or her name and contact information into a form, after which customers
19  are thanked for their interest in Prophet software and informed that they will be
20  contacted by a representative.

21       16.    Defendant intentionally designed its Website to use Plaintiff's Mark on a
22  large number of pages within the Website, both in the URL and the text, despite
23  having no legitimate reason for doing so. On information and belief, Defendant's
24  intent in using Plaintiff's Mark on such a large number of pages on its Website, both
25  in the URL and the text, is to manipulate the results of internet searches conducted on
26  Google, Yahoo, Bing and similar sites, so that Defendant's Website is listed as high
27  as possible among the results when potential GoldMine customers and other internet
28  users run queries that contain Plaintiff's Mark. On information and belief, such

x Rothschild LLP
100 Century Park East
uite 300
os Angeles, CA 90067
0.598.4150
n sss onon

LA1 263941v1 12/12/12 A

5
COMPLAINT

1  deliberate unauthorized use of Plaintiff's Mark by Defendant has in fact confused
2  potential customers searching for GoldMine on the internet and misdirected them to
3  Defendant's Website instead of the websites of Plaintiff or its authorized resellers.

4    17.    On information and belief, Defendant is unlawfully using Plaintiff's
5  Mark without authorization as a targeted keyword phrase in Defendant's paid internet
6  advertising. Defendant does so in a deliberate effort to trade on the goodwill of
7  Plaintiff's Mark, thereby confusing potential customers and the public at large into
8  thinking that the goods and services of Defendant are associated with Plaintiff.
9  Defendant willfully and purposefully utilizes Plaintiff's Mark in paid internet
10 advertising in such a way as to create a likelihood of confusion among consumers that
11 the goods and services of Defendant are associated with Plaintiff or otherwise to lure
12 them to Defendant's Website.

13    18.    Defendant's website contains no disclaimers that it is not affiliated with
14 or sponsored by Plaintiff. The use by Defendant of Plaintiff's Mark is an attempt to
15 trade on the goodwill of Plaintiff's Mark and confuse the customer.

16    19.    Defendant has made, and continues to make, false and misleading
17 statements of material fact about GoldMine on its Website in its attempt to promote
18 its Prophet CRM software, including:

19        a.    Manually Syncing Gold Mine [sic] is Required . . . Another thing
20             that you'll find when you take a look at Gold Mine [sic] is that you
21             have to actually sync it up manually with Outlook, which is
22             another place that it falls short of Prophet.

23        b.    You Can't View Opportunities Through Outlook with Gold Mine
24             [sic] . . . you cannot view opportunities for sales through Outlook
25             when you are using Gold Mine [sic] CRM software.

26    20.    The foregoing pronouncements, among others, are false and misleading
27 descriptions of material fact that, individually and collectively, misrepresent the
28 nature, characteristics, qualities and results of the goods offered by Plaintiff.

x Rothschild LLP
00 Century Park East
iite 300
os Angeles, CA 90067
0.598.4150
0.556.0020

LA1 263941v1 12/12/12 A

6
COMPLAINT

21.   Plaintiff has been and will continue to be damaged by the false and
misleading statements of fact of Defendant, as they improperly divert consumers
away from Plaintiff's GoldMine CRM software.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF LANHAM ACT 15 U.S.C. §1114—TRADEMARK INFRINGEMENT

22.   Plaintiff incorporates by reference paragraphs 1 through 21, as if fully
set forth herein.

23.   Plaintiff's famous trademark has become, through widespread and
favorable public acceptance and recognition, an asset of substantial value, as a
symbol of Plaintiff's business, the quality of Plaintiff's goods, and goodwill.

24.   Defendant's willful and intentional junior use of the mark "GoldMine"
in interstate commerce constitutes trademark infringement in violation of 15 U.S.C. §
1114 and causes a likelihood of confusion, deception and mistake amongst
consumers.

25.   Defendant's infringement of Plaintiff's Mark complained of here and
above has been committed and will continue to be committed within the jurisdiction
of this Court.  Defendant's acts of infringement have and will cause irreparable injury
to Plaintiff if Defendant is not restrained by this Court from further violation of
Plaintiff's rights, and Plaintiff will have no adequate remedy at law.

26.   This case is an exceptional case meriting increased damages and an
award of recovery of Plaintiff's costs and reasonable attorneys' fees from Defendant.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF LANHAM ACT (15 U.S.C. §1125(a))—UNFAIR COMPETITION, FALSE ADVERTISING, AND FALSE DESIGNATION OF ORIGIN

27.   Plaintiff incorporates by reference paragraphs 1 through 26, as if fully
set forth herein.

x Rothschild LLP
i00 Century Park East
site 300
)s Angeles, CA 90067
0.598.4150

1    28.    Defendant has made, and continues to make, false and/or misleading
2  statements of material fact in its attempt to promote its Prophet CRM products, as
3  described above, and has done so willfully and with full knowledge of the false and
4  misleading nature of its statements.

5    29.    On information and belief, the false statements of material fact made by
6  Defendant have deceived or have a tendency to deceive a substantial segment of the
7  persons reading such statements.

8    30.    On information and belief, Defendant's false statements of material fact
9  have confused and/or is likely to confuse potential customers and influenced their
10  purchasing decision for CRM software and database products.  Defendant has
11  introduced these false statements in interstate commerce, thereby causing injury to
12  Plaintiff.  Such false and/or misleading statements of fact constitute unfair
13  competition and false advertising in violation of Section 43 of the Lanham Act (15
14  U.S.C. §1125(a)).

15    31.    On information and belief, Defendant has willfully and intentionally
16  used and adopted in interstate commerce Plaintiff's Mark and other marks
17  confusingly similar to Plaintiff's Mark, such as "Gold Mine," "gold mine" and "Gold
18  mine," after Plaintiff's initial use of Plaintiff's Mark, in order to steal Plaintiff's
19  substantial goodwill associated with its famous Mark.

20    32.    By reason of the foregoing and on information and belief, Defendant has
21  violated Section 43 of the Lanham Act (15 U.S.C. §1125(a)) by using, in connection
22  with Defendant's goods and advertisements and on its Website, false designations of
23  origin which are likely to cause confusion or cause mistake or to deceive as to the
24  affiliation, connection, or association of Plaintiff with Defendant and as to the origin,
25  sponsorship, or approval of Defendant's goods and commercial activities.

26    33.    By reason of the foregoing unlawful acts, Defendant has been unjustly
27  enriched in an amount to be determined at trial, and it is inequitable to allow
28  Defendant to retain this benefit.  Moreover, Plaintiff has been irreparably harmed and

x Rothschild LLP
100 Century Park East
ite 300
s Angeles, CA 90067
0.598.4150
LA1 263941v1 12/12/12 A

1 | will continue to suffer damage until an appropriate injunction and damage award,

2 | including increased treble damages and attorneys' fees, are imposed by this Court

3 | against Defendant.

4 | ### THIRD CLAIM FOR RELIEF

5 | ### VIOLATION OF LANHAM ACT (15 U.S.C. §1125(c))—TRADEMARK

6 | ### DILUTION

7 | 34.    Plaintiff incorporates by reference paragraphs 1 through 33, as if fully

8 | set forth herein.

9 | 35.    Plaintiff's Mark has become famous by virtue of Plaintiff's investment

10 | in the Mark and the products with which Plaintiff's Mark is associated.

11 | 36.    Defendant has subsequently used and is using Plaintiff's Mark and

12 | marks confusingly similar to Plaintiff's Mark, such as "Gold Mine," "gold mine" and

13 | "Gold mine," in a manner that has caused or is likely to cause dilution of Plaintiff's

14 | Mark by blurring or tarnishment or both.

15 | 37.    By reason of the foregoing unlawful acts, Plaintiff has been irreparably

16 | harmed and will continue to suffer damage until an appropriate injunction and

17 | damage award, including increased treble damages and attorneys' fees, are imposed

18 | by this Court against Defendant.

19 | ### FOURTH CLAIM FOR RELIEF

20 | ### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE

21 | ### §17200 *ET SEQ.*

22 | 38.    Plaintiff incorporates by reference paragraphs 1 through 37, as if fully

23 | set forth herein.

24 | 39.    Plaintiff is informed and believed and based thereon alleges that

25 | Defendant has a practice of infringing on and diluting the trademark of other entities

26 | for its own profit, and making false statements of material fact, and that Defendant

27 | has engaged in this practice over a significant period of time and in a systematic

28 | manner to the detriment of Plaintiff.

**COMPLAINT**

x Rothschild LLP
100 Century Park East
ite 300
s Angeles, CA 90067
0.598.4150

LA1 263941v1 12/12/12 A

1  40.  Defendant has engaged in an unlawful, unfair or fraudulent business
2 practice within the meaning of Section 17200 as a pervasive part of its overall, well-
3 established business plan.

4  41.  Plaintiff has suffered a cognizable injury and loss of money or property
5 under Section 17200 and Proposition 64, including but not limited to the diminution
6 of the value of Plaintiff's Mark as a result of Defendant's acts described herein, and
7 lost sales and customers that have been misappropriated by Defendant.

8  42.  Plaintiff requests restitution of all monies and profits to be disgorged
9 from Defendant in an amount according to proof at time of trial.

10  **FIFTH CLAIM FOR RELIEF**

11  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**
12  **ADVANTAGE**

13  43.  Plaintiff incorporates by reference paragraphs 1 through 42, as if fully
14 set forth herein.

15  44.  By virtue of the substantial goodwill established in association with
16 Plaintiff's Mark, Plaintiff has established economic relationships with its existing
17 customers and potential future customers that contains a probability of future
18 economic benefit to Plaintiff.

19  45.  As demonstrated by Defendant's willful acts to divert Plaintiff's existing
20 and potential customers to Defendant's Website, Defendant was aware of the
21 economic relationship between Plaintiff on the one hand and its existing and potential
22 future customers on the other hand.

23  46.  Defendant intentionally acted to disrupt these economic relationships by
24 diverting Plaintiff's customers and potential customers to Defendant's Website to sell
25 its CRM software product in place of Plaintiff's GoldMine product.

26  47.  Defendant has successfully disrupted such relationships and Plaintiff has
27 lost sales due to Defendant's unlawful activities, thus causing damage to Plaintiff.

28

x Rothschild LLP
100 Century Park East
iite 300
Is Angeles, CA 90067
0.598.4150
0.555.0030

LA1 263941v1 12/12/12 A

10
**COMPLAINT**

1  unlawful activities.

2      49.     Because of the willful and intentional nature of Defendant's actions,
3  Plaintiff is entitled to an award of punitive damages.

4                          **PRAYER FOR RELIEF**

5      WHEREFORE, Plaintiff prays for judgment as follows:

6          1.     For monetary damages sustained by Plaintiff as a result of
7  Defendant's unlawful acts as alleged in an amount to be proven at trial but not less
8  than $750,000;

9          2.     For statutory damages;

10         3.     For punitive damages;

11         4.     For restitution of all monies due to Plaintiff and disgorgement of
12  profits from the practices of Defendant complained of herein;

13         5.     For treble damages;

14         6.     For an injunction against Defendant and its officers, agents,
15  servants, representatives, employees, attorneys, parents, subsidiaries, related
16  companies, partners, successors, predecessors, assigns, distributors, and all persons
17  acting for, with, by, through or under them, and each of them:

18             a. restraining them from directly or indirectly using Plaintiff's Mark or
19             any other mark or word similar to Plaintiff's Mark in a manner which is
20             likely to cause dilution, confusion, or mistake, or to deceive;

21             b. restraining them from using in any manner a name or mark
22             confusingly similar to Plaintiff's Mark in connection with Defendant's
23             goods or services in such a manner that is likely to create the erroneous
24             belief that these goods or services are authorized by, sponsored by,
25             licensed by, or in any way associated with GoldMine or Plaintiff; and

26  ///

27  ///

28  ///

1                    c. restraining them from assisting, enabling or inducing others to

2                    do any such acts;

3         7.     For an order requiring Defendant to provide Plaintiff a full and

4  complete accounting of all amounts due and owing Plaintiff as a result of Defendant's

5  activities complained of herein;

6         8.     For a finding that this is an exceptional case and awarding

7  Plaintiff its reasonable attorneys' fees;

8         9.     For costs of suit incurred herein;

9        10.    For prejudgment interest; and

10       11.    For such other and further relief as is just and proper.

11

12  Dated: December 13, 2012         FOX ROTHSCHILD LLP

13

14

                         Aaron Craig
15                       Attorney for Plaintiff
                         FRONTRANGE SOLUTIONS USA
16                       INC.

17

18                 **DEMAND FOR JURY TRIAL**

19     Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

20

21  Dated: December 13, 2012         FOX ROTHSCHILD LLP

22

23

24                         Aaron Craig
                         Attorney for Plaintiff
25                       FRONTRANGE SOLUTIONS USA
                         INC.

26

27

28

ix Rothschild LLP
100 Century Park East
site 300
1s Angeles, CA 90067
0.398.4150
0.664.0030

LA1 263941v1 12/12/12 A

12
**COMPLAINT**